**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 23 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEJIANG LIU,<br><br>              Petitioner,<br><br>     v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>              Respondent. | No. 08-74613<br><br>Agency No. A099-361-048<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 19, 2013**
San Francisco, California

Before: NOONAN, O'SCANNLAIN, and N.R. SMITH, Circuit Judges.


        Dejiang Liu petitions for review of the decision by the Board of Immigration

Appeals (BIA) denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture (CAT).  The BIA affirmed the

---

        \* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

        \*\* The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

immigration judge's (IJ) denial of relief based upon Liu's lack of corroborating evidence and his return trips to China. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), and we grant and remand the petition in part and dismiss the petition in part.

1.      Assuming Liu credible, the BIA dismissed Liu's appeal because of his failure to corroborate his claim. Since the BIA's decision, this court has held that, just as a failure to provide petitioners notice of a perceived inconsistency and opportunity to explain precludes a "full and fair hearing," the failure to provide petitioners time to obtain corroborative evidence or allow for an explanation of why they cannot obtain it also would preclude a "full and fair hearing." *Ren v. Holder*, 648 F.3d 1079, 1092 & n.14 (9th Cir. 2011). Because Liu was not provided an opportunity to obtain the required corroborating evidence and his explanation for his failure to obtain the evidence was not addressed by the IJ or BIA, we remand to the BIA to reconsider. The BIA should consider *Ren*, and the pending en banc decision in *Oshodi v. Holder*, 671 F.3d 1002 (9th Cir.), *reh'g en banc ordered by* 678 F.3d 776 (9th Cir. 2012), of which the BIA did not have the benefit in the prior hearing.

2.      The BIA also concluded that Liu failed to meet his burden of proof regarding a well-founded fear of future persecution. However, the BIA's

2

conclusion was made after finding that Liu did not suffer from past persecution, a conclusion that may be proven incorrect if Liu is able to produce credible corroborating evidence. We therefore remand this issue to the BIA for reconsideration. To the extent that the BIA concluded that Liu's claim of past persecution or a well-founded fear of future persecution was undermined by the fact that he returned to China (rather than seeking asylum) when traveling abroad, the BIA should consider this court's decision in *Boer-Sedano v. Gonzales*, 418 F.3d 1082, 1091-92 (9th Cir. 2005), regarding return trips.

Because case law under the REAL ID Act has changed significantly since the time of the hearing, we remand Liu's applications for asylum and withholding of removal to the BIA on an open record to determine the merits under the REAL ID Act's standards.

3.      We lack jurisdiction over Liu's CAT claim because he did not exhaust it with the BIA before filing his petition for review. *See* 8 U.S.C. § 1252(d)(1); *Kalilu v. Mukasey*, 548 F.3d 1215, 1216 n.1 (9th Cir. 2008) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DISMISSED in part; GRANTED in part; REMANDED.**